(596 P.2d 181)

No. 50,296

LAWRENCE T. MYERS, *Appellee,* v. DIVISION OF VEHICLES, DEPARTMENT OF REVENUE, STATE OF KANSAS, *Appellant.*

Opinion filed June 15, 1979.

*Bruce E. Wasinger, Benjamin J. Neill,* and *Steven R. Wiechman,* of Topeka, for the appellant.

*Gene F. Anderson,* of Hays, for the appellee.

Before SPENCER, P.J., SWINEHART and MEYER, JJ.

SPENCER, J.: This is an appeal from an order which vacated an order of the Division of Vehicles suspending plaintiff's driving privileges.

The sole issue on appeal is: When the Division of Vehicles has initiated administrative action to suspend driving privileges pursuant to K.S.A. 8-255(a)(2), and prior to the date set for hearing several of the convictions relied upon are expunged pursuant to K.S.A. 1977 Supp. 12-4515, may the Division nonetheless consider those convictions in ordering suspension of driving privileges?

Plaintiff was convicted of five moving traffic violations within a twelve-month period. They occurred on June 13, June 22, October 17, and November 11, 1977, and on February 4, 1978. Under date of March 31, 1978, the Division notified plaintiff that, unless a hearing was requested within twenty days, his driving privileges would be suspended. A timely request for hearing was filed and the matter was scheduled to be heard on May 19, 1978. However, on May 18, 1978, plaintiff sought and obtained an order pursuant to K.S.A. 1977 Supp. 12-4515 which annulled three of the five convictions. At the administrative hearing on the following day, the order was offered and accepted as an exhibit, but the hearing officer nevertheless considered all of plaintiff's convictions and ordered his driving privileges suspended.

Plaintiff petitioned for review pursuant to K.S.A. 8-259. The district court reversed the decision of the Division and held that the order of annulment should have been given full force and effect; that annulled convictions could not be used to suspend driving privileges; and that it was immaterial that administrative action had already commenced when the order of annulment was obtained.

Portions of K.S.A. 1977 Supp. 12-4515 of which the trial judge made special note, and .which we deem controlling, are those which provide that upon annulment, such person:

"shall thereupon be released from the penalties and disabilities resulting from the offense of which he or she has been convicted, and he or she shall in all respects be treated as not having been convicted . . . .

"In any application for employment, license or other civil right or privilege, or any appearance as a witness, a person whose conviction of an offense has been annulled under this statute may state that he or she has never been convicted of such offense."

In *State v. Miller,* 214 Kan. 538, 543-544, 520 P.2d 1248 (1974), it was stated:

"In a general way it may be stated that annulment of conviction statutes, often called expungement statutes, do not merely lift disabilities resulting from conviction and restore civil rights; they have the legal effect of restoring the reformed offender to his status quo existing prior to the conviction."

Defendant argues that it has consistently taken the position that a moving traffic violation is not considered by it if the conviction is annulled prior to commencing administrative action; but, on the other hand, if administrative action by the Division has been commenced prior to annulment, such annulment is not considered. It is reasoned that the regulation and supervision of motor vehicle operators are ongoing things; that the privilege of motor vehicle operation is always subject to restriction or revision and in that sense is probationary or subject to parole or suspension provisions; and, therefore, there is no satisfaction or fulfillment of the conditions of parole or suspension of sentence which are conditions precedent to annulment as set forth in K.S.A. 1977 Supp. 12-4515. We do not find this persuasive.

K.S.A. 8-255(*a*)(2) authorizes suspension of a person's license upon a showing "by its records or other sufficient evidence" that the licensee is an habitually reckless or negligent driver of a motor vehicle. The statute contemplates that suspension or revo-

cation of the license shall occur, after which the licensee is to be afforded an opportunity for hearing. In this instance, the Division elected to afford the opportunity for hearing prior to suspension of the license. It so happened that on the date of the hearing and the date on which suspension might otherwise have occurred, the expungement order had been entered and plaintiff's record no longer reflected that he had been convicted of three or more moving traffic violations committed on separate occasions within a twelve-month period. The order of annulment had the legal effect of restoring plaintiff to his status quo which existed prior to three of his convictions.

We have considered other arguments raised by the parties and find them to be without merit.

Judgment affirmed.